IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA T. HAMPTON, | : | 4:09-cv-1708 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Thomas M. Blewitt |
| RICARDO MARTINEZ, Warden, | : | |
| | : | |
| Respondent. | : | |

# MEMORANDUM

## October 21, 2009

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Thomas M. Blewitt (Doc. 7) which recommends that we dismiss Petitioner Joshua T. Hampton's petition for writ of habeas corpus made pursuant to 28 U.S.C. § 2241 ( Doc. 1) and the we subsequently close this case. The Petition claims that the Bureau of Prisons ("BOP") has no authority to collect court-ordered fines, nor does the BOP have the authority to set the schedule of restitution payments for federal inmates during the period of incarceration. Petitioner seeks relief in the form of 'removal of all BOP imposed fee or RFP collections against him, no sanctions by the BOP may be imposed, and a legal,

1

permanent bar from the BOP reinstalling any collections of any type, or sanctions." (Doc. 1).

Magistrate Judge Blewitt undertook a preliminary review of the Petition pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (1977) and recommends that this Court summarily dismiss the Petition. No objections to the R&R have been filed by any party. For the reasons set forth below, the Court will adopt the R&R.

I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F.

2

Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Through a well-reasoned R&R dated September 30, 2009, Magistrate Judge Blewitt recommended that we dismiss the Petition because the Petitioner's claim does not challenge the validity of his conviction or the fact or length of his sentence, and therefore, federal habeas relief is inappropriate. *See Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir. 2002); *Preiser v. Rodriguez,* 411 U.S. 475 (1973). *See also Garcia v. Martinez,* 2009 WL 1619971, *1 (M.D. Pa. June 9, 2009) (Rambo, J.) (holding that habeas corpus is not an appropriate remedy for challenges to an inmates restitution repayment schedule and the imposition of BOP fees and sanctions).

As we have already mentioned, neither Petitioner nor the Respondent have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this

3

document, as it accurately reflects our consideration and resolution of the case <u>sub judice</u>.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA T. HAMPTON,<br>Petitioner | : CIVIL ACTION NO. **4:CV-09-1708**<br>: (Judge Jones)<br>: |
| v. | : (Magistrate Judge Blewitt) |
| RICARDO MARTINEZ, Warden,<br>Respondent | :<br>:<br>: |

## REPORT AND RECOMMENDATION

**I.   Procedural Background.**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Joshua T. Hampton, an inmate confined at the United States Penitentiary at Allenwood ("USP-Allenwood"), White Deer, Pennsylvania. Petitioner simultaneously filed a two-page brief in support of his petition. (Doc. 2). Petitioner was denied leave to proceed *in forma pauperis*. (Doc. 5). The Petitioner paid the filing fee. (Doc. 6). Named as Respondent was Ricardo Martinez, the Warden at FCI-Allenwood. (Doc. 1).

Preliminary review of the petition has been undertaken, and, for the reasons set forth below, we recommend that this petition be dismissed.

**II.   Claims of Habeas Petition**

In his petition and supporting brief, the Petitioner claims that "the Bureau of Prisons' ("BOP") imposed sanctions against [him] for his failure to acquiesce in the Inmate Financial Responsibility Program ("IFRP"), restitution repayment schedule was not in accordance with law, warranting writ of habeas corpus; sentencing court, although declaring Mandatory Victim's Restitution Act ("MVRA"), restitution 'due during period of imprisonment,' had no established specific schedule of payments to be collected during incarceration; and BOP lacked authority to substitute its own schedule." (Docs. 1, 2). Specifically, the Petitioner claims that the BOP has no authority to collect fines under § 3664 and that only the Court

may collect fines or determine the amount of those finds. (Doc. 2).

The Petitioner also claims that only the sentencing court has authority to set schedule of restitution payments for federal inmates during the period of incarceration and that this authority cannot be delegated to the BOP. (Docs. 1, 2).

The Petitioner seeks relief in the form of "removal of all BOP imposed fee or RFP collections against him, no sanctions by the BOP may be imposed, and a legal, permanent bar from the BOP reinstalling any collections of any type, or sanctions." (Doc. 1). He asks for "immediate imposition under § 3664, that the BOP must remove all imposed fee collections on inmates that do not contain an express, direct Court Order signed by a Magistrate Judge, directly ordering the collection and the imposed schedule of collection thereof, as designated by law, be imposed and forever barred from reimposition on any inmate, by the BOP." (Doc. 2).

### III. Discussion

The Court in *Jennings v. Bureau of Prisons*, Slip Copy, 2009 WL 1181221 (M.D. Pa. 2009) set forth the standard of summary dismissal of a habeas petition:

> Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). *See, e.g., Mutope v. Pennsylvania Board of Probation and Parole*, 2007 WL 846559 *2 (M.D.Pa. March 19, 2007) (Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F.Supp. 156, 158-59 (M.D.Pa.1979).
>
> Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where ... the necessary facts can be determined from the petition itself...." *Gorko v. Holt*, 2005 WL 1138479 *1 (M.D.Pa. May 13, 2005) (McClure, J.) (quoting *Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970).

*Jennings*, 2009 WL 1181221 at *1-2.

Upon a preliminary review of the habeas petition, we believe federal habeas relief is inappropriate here, as the Petitioner's claim does not challenge the validity of his conviction or the fact or length of his sentence. *See Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002); *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

As a general rule, a petition under § 2241 is properly brought where the petitioner is seeking to challenge the carrying out or the execution of his sentence (e.g., the calculation of good time credits, the running of the sentence, the calculation of the ending date, etc.) and not the sentence as imposed. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Gomori v. Arnold*, 533 F.2d 871, 875 (3d Cir.), cert. denied, 429 U.S. 851 (1976) ("Furthermore, the United States Courts of Appeals have consistently held that a challenge to a sentence as executed by the prison and parole authorities may be made by petition for a writ of habeas corpus [i.e., a Section 2241 petition], whereas a challenge to the sentence as imposed must be made under 28 U.S.C. § 2255."); *Thomas v. Miner*, 232 Fed.Appx. 207, 208 (3d Cir.2007) ("In addition, federal prisoners may proceed under § 2241 when their challenge is directed to the execution, as opposed to the validity, of their sentence."). Moreover, in *Jennings v. Bureau of Prisons*, Slip Copy, 2009 WL 1181221, *2 (M.D. Pa. 2009), the court stated, "a challenge to IFRP refusal status is also not properly asserted in a habeas corpus petition." *See David v. United States*, Civ. No. 3:CV-99-0836, slip op. at 5 (1999 M.D. Pa.) (Munley, J.).

Here, clearly Petitioner's argument goes to the sentence as imposed and hence, cannot generally be brought via a § 2241 petition. *See, e.g., Easton v. Williamson*, Unpublished, 2008 WL 587859, at *1 (3d Cir. 2008) ("We agree with the District Court insofar as it concluded that Easton's claim does not fall within the purview of § 2241, because he does not challenge the execution of his sentence, but rather, he challenges the failure of the sentencing court to follow the strictures of the MVRA.").

The Petitioner's claim is identical to that of the petitioner in the recent case of *Garcia v. Martinez*, 2009 WL 1619971 (M.D. Pa. June 9, 2009). The Petitioner states verbatim the same claim asserted by the petitioner in *Garcia*. In *Garcia, supra*, the Honorable Judge Rambo held that a habeas corpus is not an appropriate remedy, stating:

> It is well-settled that a habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir.2002).
>
> In the instant case, Garcia is challenging his restitution repayment schedule and the imposition of BOP fees and sanctions. He is not seeking speedier or immediate release from custody, nor is he challenging the legality of his present incarceration. Rather, Garcia contends that the BOP's actions affect his conditions of confinement. In these situations, "habeas corpus is not an appropriate or available federal remedy." See *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir.1993) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 494, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); see also *Carter v. Martinez*, Civ. No. 3:09-cv-00477, slip op. at 2 (M.D.Pa. Apr. 14, 2009) (Munley, J.) (challenge to restitution payment schedule and BOP sanctions and fees not properly asserted in habeas petition) (Doc.; *Warner v. Martinez*, Civ. No. 4:09-cv-00482, slip op. at 4 (M.D.Pa. Apr. 10, 2009) (Muir, J.) (challenge to amount of IFRP payments does not concern either fact or duration of confinement in prison).

*Garcia*, 2009 WL 1619971 at *1.

We believe that *Garcia* is directly on point and agree that habeas relief is not appropriate in this matter. Moreover the same result was held in response to petitions identical to that of the Petitioner in the instant matter. See *Carter v. Martinez*, Civ. No. 3:CV-09-0477, Slip Opinion, at *2 (M.D. Pa. April 14, 2009) (Munley, J.); *Warner v. Martinez*, Civ. No. 4:CV-09-0482, Slip Opinion, at *4 (M.D. Pa. April 10, 2009) (Muir, J.).

Thus, we recommend the petition be dismissed without prejudice to any right the Petitioner may have to seek relief by way of a properly filed civil rights complaint after he

has exhausted his administrative remedies.[1]

## IV.   Recommendation

Based upon the foregoing, it is respectfully recommended that the petition for writ of habeas corpus (Doc. 1) be dismissed without prejudice.

s/ Thomas M. Blewitt  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: September 30, 2009**

---

[1] Under the PLRA, 42 U.S.C. § 1997e(a), exhaustion of administrative remedies in cases filed by prisoners is mandated. The United States Supreme Court has made it clear that the filing, by an inmate, of an action in federal district court before completing the administrative remedy process violates the mandatory exhaustion requirement contained in the PLRA and requires the action to be dismissed. See Booth v. Churner, 532 U.S. 731, (2001); Porter v. Nussle, 534 U.S. 516 (2002). See also DeHart v. Horn, 390 F.3d 262, 273 (3d Cir.2004); Spruill v. Gillis, 372 F.3d 218, 226-27 (3d Cir.2004); Concepcion v. Morton, 306 F.3d 1347, 1351-52 (3d Cir.2002). Moreover, the Court closed the door on any potential arguments by inmates urging the futility of exhausting administrative remedies: "[W]e will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth, 532 U.S. at 741 n. 6.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA T. HAMPTON, | : | CIVIL ACTION NO. 4:CV-09-1708 |
| Petitioner | : | (Judge Jones) |
| v. | : | (Magistrate Judge Blewitt) |
| RICARDO MARTINEZ, WARDEN, | : | |
| Respondent | : | |

**NOTICE**

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated **September 30, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: September 30, 2009** _____